Willis . Tyler H.
FULL NAME

COMMITTED NAME (if different)
Calipatria State Prison
FULL ADDRESS INCLUDING NAME OF INSTITUTION
CAL Po Box 5004
Calipatria . Ca 92233
PRISON NUMBER (if applicable)
G34611

2010 OCT 15  AM 10: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

FILED

SSO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STO  (DTB)

Willis . Tyler H.

CASE NUMBER **CV10-07390**
To be supplied by the Clerk

PLAINTIFF,

Deputy Sheriff Vasquez . John Doe
John Doe . John Doe . John Doe
Los Angeles County (Sheriff Department)
DEFENDANT(S).

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

2010 OCT -4  AM 11: 30
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

LODGED

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes   ☒ No

    If your answer is no, explain why not   _Isolated Incident_
    _Statutory claim was timely filed & was denied by the County_

3.  Is the grievance procedure completed?  ☒ Yes   ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff   _Willis , Tyler H._
                                                            (print plaintiff's name)

who presently resides at   _Calipatria State Prison_
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Mens County Jail , Los Angeles_
(institution/city where violation occurred)

on (date or dates) 10·16·2009 , _____ , _____

(Claim I)                     (Claim II)              (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   Deputy Sheriff Vasquez                                    resides or works at
                 (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

2.   Defendant   John Doe                                                  resides or works at
                 (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

3.   Defendant   John Doe                                                  resides or works at
                 (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 441 Bauchet St. |
|---|---|
| ☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Los Angeles  STATE: CA  ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: **9·27·10**

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

ANDREA SHERIDAN ORDIN
County Counsel

May 6, 2010

Tyler Howland Willis #G34611
Wasco State Prison
B-2 -107 Low
P.O. Box 5500
Wasco, California 93280

Re:    Claim(s) Filed:          **February 2, 2010**
       File Number(s):          **10-1076559*001**

Dear Claimant:

This letter is to inform you that the above-referenced claim which you filed with the Los Angeles County Board of Supervisors was rejected on **May 6, 2010.**

An investigation of this matter fails to indicate any liability on the part of the County of Los Angeles. Accordingly, your claim was rejected on that basis and no further action will be taken on this matter.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING":

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. SEE GOVERNMENT CODE SECTION 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 required you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

Preliminary Statement

This is a civil rights action filed by Tyler H. Willis, a state prisoner, for damages under 42 U.S.C §1983, alleging violations to the due process clause of the Fourteenth amendment, the eigth amendment and the fourth amendment to the United States Constitution. The plaintiff also alleges the torts of assault and battery and the intentional infliction of emotional distress.

Jury trial demanded.

Jurisdiction

1.) The court has jurisdiction over the plaintiff's claims of violation of federal Constitutional rights under 28 U.S.C §1391 (b).

2.) The court has supplemental jurisdiction over the plaintiffs state law tort claims under 28 U.S.C §1367

Parties

3.) The plaintiff. Tyler H. Willis, was incarcerated at Mens County Jail (MCJ) during the events described in this Complaint.

4.) Defendant Deputy Sheriff Vasquez is a Sheriff deputy employed at MCJ. His first name is presently unknown to the plaintiff. He is Sued in his individual and official Capacities

5.) Defendents John Doe, John Doe, John Doe and John Doe are Sheriff deputies employed at MCJ. Their full names are presently unknown to the plaintiff. They are Sued in their individual and official Capacities.

6.) All the defendents have acted under the Color of State law at all times relevant to this Complaint.

Facts

7.) on Friday, October 16th, 2009. The Plaintiff is removed from the Safety of his Cell by Defendent Vasquez LASO

8.) Defendent Vasquez opened plaintiffs Cell door, ordered him to walk through the Sallyport and into the main hallway.

Unreasonable Search and Seizure / Intentional Infliction of Emotional Distress

9.) Inside the main hallway, Defendent Vasquez ordered the plaintiff to face the Wall and remove his Clothes.

10.) Defendant Vasquez motioned for other deputies in the hall to join him.

11.) John Doe. John Doe. John Doe. and John Doe approached.

12.) Defendant Vasquez and John Doe asked plaintiff questions regarding the nature of his arrest Charges.

13.) Defendant Vasquez ordered plaintiff to remove his underwear.

14.) Defendant Vasquez ordered plaintiff to place both hands behind his head and Squat like a Catcher and cough three times.

15.) Defendant Vasquez ordered plaintiff to perform this act multiple times.

16.) Defendant Vasquez and John Doe Speculated the nature of Plaintiff's arrest charges during this performance. Sexually.

17.) At times. Defendant Vasquez ordered Plaintiff to Squat lower and Cough louder while laughing with John Doe.

18.) Defendant Vasquez ordered plaintiff to remain Squatting until plaintiff explained the nature of his Charges.

19.) By Choosing to Conduct these acts in the main hallway. where hallway trustees are present and any other jail related Staff Could observe ; and by Choosing to bypass the Sally Port .

4

1  where searches are generally conducted and
2  where a reasonable search could have been
3  conducted. Defendant Vasquez intended
4  to perform these acts in an unnecessarily
5  public manner.
6      20.) Defendant Vasquez carried out this
7  reckless conduct and outrageous orders
8  sadistically and maliciously with the sole
9  intention of inflicting serious emotional distress
10 that no reasonable person can be expected to endure.

11

12      Excessive Force / Assault and Battery
13     21.) When the plaintiff did not elaborate
14 the nature of his charges. Defendant Vasquez
15 ordered Plaintiff to put on his underwear
16 only and walk back into the Sally port.
17     22.) Defendant Vasquez and the other
18 defendants followed behind the plaintiff.
19     23.) Inside the Sally port. Defendant Vasquez
20 ordered Plaintiff to face the wall. place
21 his hands on the wall and spread his legs.
22     24.) Defendant Vasquez approaches plaintiff
23 from behind. kicks plaintiffs legs apart using
24 his right foot. pushes plaintiffs face into
25 the wall using his left hand and jabs two
26 fingers from his right hand into the right
27 side of plaintiffs neck.
28     25.) plaintiff struggled against the

1   force of Defendant Vasquez's fingers in his neck.

2   26.) plaintiff was hit by punches to the face

3   and upperbody by the Defendants.

4   27.) After being knocked to the ground.

5   Defendant John Doe Shot plaintiff and

6   electrocuted him with a taser gun.

7   28.) While incapacitated and unable to move

8   as a result of the taser effects. The defendants

9   Continue to kick and punch plaintiff in the

10  face and upper body.

11  29.) Although incapacitated. plaintiff remains Concious.

12  30.) Plaintiff witnesses Defendant Vasquez

13  weild a large metal flashlight and aim and

14  Strike at the lower area of Plaintiffs legs.

15  Concentrating on a specific area with the

16  intention of inflicting Serious bodily injury.

17  31.) Plaintiff Could not move his legs and

18  Defendant Vasquez took full advantage of

19  Plaintiffs immobility.

20  32.) Suddenly. Defendant John Doe Shouted

21  to the other defendants to Stop.

22  33.) Defendant Vasquez Continued to aim

23  and Strike at Plaintiffs lower legs to

24  ensure Crippling damage.

25  34.) Defendants John Doe. John Doe. John

26  Doe and John Doe watched while Defendant

27  Vasquez Continued to Strike at Plaintiffs

28  lower legs with his flashlight.

35.) Defendant Vasquez is Successful in breaking Plaintiff's leg.

36.) Plaintiff recieved lacerations to his Face and Scalp. Numerous bruises and abrasions to the Face. head. Neck. Torso. arms and legs and burns from the taser.

36.) Defendant John Doe orders Plaintiff to Stand and walk back to the hallway.

37.) When Plaintiff Cannot Stand. Defendents John Doe and John Doe drag Plaintiff by the arms into the hallway.

38.) Defendant John Doe orders two hallway trustees to lift plaintiff onto a gurney.

## Claims for Relief

39.) The actions of defendents Vasquez. Doe. Doe. Doe and Doe in using physical force Without need or provocation and the beating of the plaintiff; For the purpose of imposing illegal Summary punishment on the plaintiff for being an accused Sex offendor in the Custody of MCJ; or in failing to intervene to prevent the misuse of force; And being prejudiced to the fact plaintiff was an accused sex offender held in the Custody of MCJ was done maliciously and Sadistically and Constitutes a Violation to the plaintiff's right not to be Subjected to punishment without due process of the law under the due process clause of the 14th amendment

1  to the United States Constitution

2  40.)  The actions of Defendants Vasquez. Doe.

3  Doe. Doe and Doe in using physical force without

4  the need or provocation and the beating of the

5  plaintiff ; or in failing to intervene to prevent

6  the misuse of force ; were done maliciously

7  and sadistically and constitute Cruel and

8  unusual punishment in violation of the eigth

9  amendment to the United States Constitution.

10  41.) The actions of Defendants Vasquez. Doe

11  Doe. Doe and Doe in using physical force

12  against the plaintiff without need or provocation

13  and the beating of the plaintiff ; or in failing

14  to intervene to prevent the misuse of force ;

15  were done maliciously and Sadistically and

16  Constitute a violation against unreasonable

17  search and Seizure protected by the fourth

18  amendment to the United States Constitution.

19  42.)  The actions of Defendants Vasquez. Doe

20  Doe. Doe and Doe in using physical force

21  against the plaintiff without need or provocation

22  and the beating of the plaintiff Constituted

23  the Tort of assault and battery, Ca Civil Code § 43

24  43.) The actions of Defendants Vasquez. Doe. Doe

25  Doe and Doe in issuing outrageous orders and

26  displaying reckless Conduct in a needlessly

27  intrusive and abusively Performed Strip Search ;

28  or in failing to act to prevent ;

1  for the purpose of imposing illegal Summary Punishment
2  by causing Significant mental anguish and
3  intentionally inflicting emotional distress upon the
4  plaintiff for being an accused Sex offender in
5  the Custody of MCJ was done Sadistically and
6  maliciously by the defendants who were
7  Prejudiced against the fact plaintiff was an
8  accused Sex offender in Custody of MCJ and
9  therefore Constitutes a violation to the plaintiffs
10 right not to be Subjected to punishment
11 without the due process of law under the Due
12 Process Clause to the Fourteenth amendment
13 to the United States Constitution.
14 44.) The actions of Defendents Vasquez. Doe. Doe
15 Doe and Doe in issuing outrageous orders and
16 displaying reckless Conduct during a needlessly
17 intrusive and abusively performed Strip Search;
18 or in failing to intervene to prevent; was done
19 Sadistically and maliciously with the intent of
20 Causing Significant mental anguish and inflicting
21 emotional distress upon the plaintiff and
22 Constitutes Cruel and unusual Punishment
23 under the eigth amendment to the United
24 States Constitution.
25 45.) The actions of Defendents Vasquez. Doe. Doe
26 Doe and Doe in Carrying out an unreasonable
27 Search and Seizure by issuing outrageous orders
28 and displaying reckless Conduct in a

1  needlessly intrusive and abusively performed Strip
2  Search; or in failing to intervene to prevent;
3  was done Sadistically and maliciously and
4  Constitutes a violation of plaintiffs right
5  against unreasonable Search and Seizure
6  protected by the fourth amendment to the
7  United States Constitution.
8  46.) The actions of Defendent Vasquez, Doe
9  Doe, Doe and Doe in issuing outrageous orders
10  and displaying reckless Conduct during a
11  needlessly intrusive and abusively performed
12  Strip Search with the intention of Causing
13  Significant mental anguish Constitutes the
14  tort of intentionally inflicting emotional
15  distress. Ca Civil Code § 52.1

16

17  Relief Requested
18  WHEREFORE, plaintiff requests that the
19  Court grants the following relief.

20

21  A. Issue a declatory judgement stating
22  that:
23  1.) The physical abuse and the intentional
24  infliction of mental anguish to the plaintiff
25  by defendents Vasquez, Doe, Doe, Doe and
26  Doe was Committed for the purpose of
27  imposing illegal Summary punishment upon
28  the plaintiff for being an accussed Sex

1 offender held in the custody of MCJ and
2 violated the plaintiffs rights under the due
3 process clause of the fourteenth amendment,
4 the eigth amendment and the fourth
5 amendment to the United States Constitution;
6 And Constituted assault and battery and
7 intentional infliction of emotional distress
8 under State law.
9
10   B. Award Compensatory damages in the
11 following amounts:
12   1. $1,000,000.00 against Defendent Vasquez for
13 inflicting serious bodily injury and severe
14 mental anguish.
15   2. $100,000.00 jointly and severally against
16 Defendents Doe. Doe. Doe and Doe for
17 physical and emotional injuries suffered as
18 a result of their participation in the illegal
19 search and illegal beating of the plaintiff
20 or for failing to act to prevent serious
21 bodily injury and the infliction of emotional
22 distress.
23   3. $1,000,000 against Los Angeles County (Sheriff department)
24   C) Award Punitive damages in the
25 following amounts:
26   1. $1,000,000.00 against Defendent Vasquez
27   2. $100,000.00 each against Defendents Doe.
28 Doe. Doe and Doe

D.   Grant such other relief as it may appear that plaintiff is entitled.

September 27 , 2010

Respectfully Submitted.

Tyler H. Willis

Address:   T. Willis  G 34611  A.5.125
           CAL Po Box 5004
           Calipatria. Ca 92233

12

# Verification

I , Tyler H. Willis , declare , under the penalty of perjury , that this pleading is true to the best of my Knowledge information and belief.

September 27th , 2010

*[signature]*

4.  Defendant _____ *John Doe* _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

5.  Defendant _____ *Jane Doe* _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

6.  Defendant: Los Angeles County (Sheriff Department)

    441 Bauchet St

    Los Angeles, Ca 90012

    ✓ Official Capacity

D. CLAIMS*

CLAIM I

The following civil right has been violated:

_See Attached_

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_See Attached_

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

See Attached

9·27·10
_(Date)_

_(Signature of Plaintiff)_

| SHORT TITLE: | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL_____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☒ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2.,④. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |

**Employment**

| A | B | C |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |

**Contract**

| A | B | C |
|---|---|---|
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| A | B | C |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| A | B | C |
|---|---|---|
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| A | B | C |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br><br>2.<br><br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

ANDREA SHERIDAN ORDIN
County Counsel

May 6, 2010

Tyler Howland Willis #G34611
Wasco State Prison
B-2 -107 Low
P.O. Box 5500
Wasco, California 93280

Re:   Claim(s) Filed:        **February 2, 2010**
      File Number(s):        **10-1076559*001**

Dear Claimant:

This letter is to inform you that the above-referenced claim which you filed with the Los Angeles County Board of Supervisors was rejected on **May 6, 2010.**

An investigation of this matter fails to indicate any liability on the part of the County of Los Angeles. Accordingly, your claim was rejected on that basis and no further action will be taken on this matter.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING":

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. SEE GOVERNMENT CODE SECTION 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 required you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

Tyler Howland Willis #G34611
May 6, 2010
Page 2


        You may seek the advice of an attorney of your choice in connection with this
matter.  If you desire to consult an attorney, you should do so immediately.

                            Very truly yours,

                            ANDREA SHERIDAN ORDIN
                            County Counsel


                    By

                            BRIAN T. CHU
                            Principal Deputy County Counsel
                            General Litigation Division


BTC:ce

## DECLARATION FOR SERVICE BY MAIL

STATE OF CALIFORNIA
County of Los Angeles

I am and at all times herein mentioned have been a citizen of the United States and resident of the County of Los Angeles, over the age of eighteen years and not a party to nor interested in the within action; that my business address is 648 Kenneth Hahn Hall of Administration, City of Los Angeles, County of Los Angeles, State of California 90012.

That on the _11th_ day of **May 2010**, I served the attached "Notice of Denial" of claim upon claimant by depositing a copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in a United States mail box in Los Angeles, California addressed as follows:

Tyler Howland Willis #G34611

Wasco State Prison

B-2 -107 Low

P.O. Box 5500

Wasco, California 93280

and that the person on whom said service was made has/resides his/her office at a place where there is a regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this _11th_ day of **May 2010** at Los Angeles, California.

_Signature_

COUNTY OF LOS ANGELES

# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY



**INSTRUCTIONS:**

1. Read claim *thoroughly*.
2. Fill out claim as indicated; attach additional information if necessary.
3. This office needs *three copies* of your claim and *three sets* of attachments (if any).
4. This claim form *must* be signed.

**DELIVER OR U.S. MAIL TO:** EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS, 500 WEST TEMPLE STREET, ROOM 383, KENNETH HAHN HALL OF ADMINISTRATION, LOS ANGELES, CA 90012    (213) 974-1440

TIME STAMP HERE
OFFICE USE ONLY

| | |
|---|---|
| 1. NAME OF CLAIMANT<br>TYLER HOWLAND WILLIS | 10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?<br>See attached exhibits A+B. |
| 2. ADDRESS AND TELEPHONE NUMBER TO WHICH YOU DESIRE NOTICES OR COMMUNICATIONS TO BE SENT:<br>C-34611 B-2-107L<br>WASCO STATE PRISON P.O. BOX 5500 WASCO, CA 93280 | |
| HOME TELEPHONE: ( )    BUSINESS TELEPHONE: ( ) | 11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):<br>NAME UNKNOWN    DEPT. |
| 3. CLAIMANT'S BIRTHDATE: 4-15-86    4. CLAIMANT'S SOCIAL SECURITY NUMBER: 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 | NAME    DEPT. |
| 5. WHEN DID DAMAGE OR INJURY OCCUR? ON OR ABOUT OCTOBER 16, 2009<br>DATE    TIME | 12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION: |
| 6. WHERE DID DAMAGE OR INJURY OCCUR?<br>L.A. CENTRAL JAIL<br>Street    City, State    Zip Code | NAME UNKNOWN    PHONE<br>ADDRESS |
| 7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:<br>SEE EXHIBITS A+B ATTACHED<br><br>Corroborating witness:<br>Carlos DeLaTorre<br>Mens Central Jail Booking<br>#2062459 | NAME    PHONE<br>ADDRESS |
| | NAME    PHONE |
| 8. WERE POLICE OR PARAMEDICS CALLED?    YES ☑    NO ☐ | 13. LIST DAMAGES INCURRED TO DATE (and attach copies of receipts or repair estimates)<br>PAIN AND SUFFERING<br>permanent damage to leg<br>& scars |
| 9. IF PHYSICIAN WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND PHYSICIAN'S NAME, ADDRESS AND PHONE NUMBER:<br>DATE OF FIRST VISIT    PHYSICIAN'S NAME<br>JAIL PERSONEL<br>PHYSICIAN'S ADDRESS    PHONE ( ) | TOTAL DAMAGES TO DATE:<br>UNKNOWN.    TOTAL ESTIMATED PROSPECTIVE DAMAGES:<br>PAIN AND SUFFERING AND PERMANENT SCARS |

## THIS CLAIM MUST BE SIGNED
### *NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72.)*

## WARNING

- CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

- IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

| 14. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT: Tyler Willis | 15. PRINT OR TYPE NAME<br>Tyler Willis | DATE<br>1/7/10 |
|---|---|---|

T:\FORMS\CLAIMFORM2.DOC    REVISED 6/00

Exhibit A

Page 1

Friday, October 16th, 2009, about 1pm. I am located in cell #4 on a tier of 26 cells on "A" row in module 2700 at MCJ ( Men's County Jail) in Los Angeles.

From my cell, I have a clear view of the entrance gate to "A" row. I noticed a new inmate has arrived. The module deputies have a new inmate stripped to his boxer shorts, holding the rest of his clothing bundled in two arms while they proceed to question him regarding the nature of his charges. I stand at the front of my cell watching this event. Anything to break the monotony of each day's repetition.

"A" row, in Module 2700 is known throughout the jail to be housing unit for Sex Offenders. It is also known throughout the jail that the guards here don't take kindly to a Sex Offender.

At one point watching what was going on at the door. One of the guards glanced down the tier and saw me standing at my cell door. He yelled from the doorway "Get the fuck on your bunk #4. I don't want to see your fucking face". I stepped back and was only able to listen. The scene at the door didn't last much longer. I saw the new inmate pass and enter into cell #6. When the door closed I called out to him.

I said, "Cell #6, this is cell #4. Is this your first time", he replied "Yes".

I said, "I just wanted to let you know that it's best not to talk to these cops at all.... Nothing." He said "Thank you my friend."

Just a moment later my cell door is cranked open. I stand there not knowing what to expect. Usually there is an instruction over the intercom before any door is opened.

"# 4 Step out!" Not on the intercom but by a deputy calling from the "A" row gate. The same deputy who had told me to sit on my bunk just minutes earlier. I did as I was told. I stepped out and approached the "A" row gate, which was open. The deputy stood back so I could pass.

Page 2

He said "So you wanna fucking be nosey huh?  Take it to the hallway".
While passing I read the name across his chest on his uniform, VASQUEZ.

As instructed, I walked outside the module and into the main hallway of the
"2000" floor.

Deputy Vasquez was the only module officer to follow me into the hallway.
Once in the hallway he instructed me to face the wall and take off all my
clothes but my boxers.  While removing my clothes, a quick glance to the
left revealed 5 deputies approaching and coming to the attention of what
Deputy Vasquez was having me do.

When I was stripped to only my boxers, Deputy Vasquez said "Put your face
on the fucking wall".  I did as I was told.

There was a brief exchange of words between Vasquez and the other guards.
Another deputy, whom I am not able to identify by name because I was
made to face the wall, said to me, "What did you say to the guy that just
came in?"  I told him exactly what I said.

Then Vasquez spoke, he said "Do you know what that piece of shit is here
for?  He molested his nephew!  Did you hear that part?  What would you do
if he did that to one of your family members?"

The other Deputy spoke, "What the fuck are you in jail for anyway dude?"

I said, "I don't want to talk about it."

Vasquez said, "He's a fucking piece of shit!"

Vasquez then said, "You know what?  Take your fucking boxers off."  I did
as I was told.  I stood with my face against the wall, completely naked.

Vasquez said, "Put your hands behind your head and interlock your fingers".
I did as I was told.  Vasquez then said, "squat down like a catcher and cough
three times".  I did as I was told.  I coughed three times while I squatted
down naked with my hands interlocked behind my head.

Vasquez said, "Again".  I coughed three more times.

Vasquez said, "Again".  I coughed three more times.

Vasquez said, "Again".  I coughed three more times.

There was a pause.  I remained squatting and I could hear the guards laughing behind me.

Vasquez said, "Cough louder dude….Come on Dude, what the fuck are you waiting for?  Cough"

I coughed three more times louder.

Vasquez said, "Again".  I coughed three more times louder.

Vasquez said, "Louder!!"  I coughed three more times as loud as I could.

Vasquez said, "You know what Dude, get the fuck up and put your boxers on."  I put my underwear back on and Vasquez said "Grab the rest of your shit and take it back inside".  I picked up my clothes and walked back into the module.

Once inside the module, Deputy Vasquez ordered me to stop.  He said "Face the wall and throw your shit down next to you", I did as I was told.

Vasquez then said, "Spread your legs and put your toes on the wall."  As I was spreading my legs, Vasquez stood behind me then used his right foot to kick my legs apart.  He then used his left hand to slam my face against the wall.  He kept my head pinned against the wall with his left hand then jabbed two fingers from his right hand into the right side of my neck.  While he did this he said, "What the fuck is your problem?".

The pain from his fingers in my neck was unbearable.  I struggled against his force to get away but at the first sign of my resistance the other guards who were standing only a few feet away began to pummel me with punches to my head and body.  I was knocked to the ground in a matter of seconds.

Page 4

While I was on the ground one of the guards yelled "Taser". I felt myself being hauled up from under my arms by two guards. One on each side.

I was then shot at point blank range with a taser gun. I fell back to the ground while being electrocuted. Once again on the ground, the beating continued. I laid there in my underwear incapacitated from the taser gun while I was kicked in my face, my head and all over my body. I tried moving my head to avoid the impact but it was no use.

That's when I saw Deputy Vasquez with the flashlight. I began to fell the beating all over the back of my legs outstanding above the other blows. Over the commotion, I could hear the noise the flashlight made every time it impacted my legs…"Clack".

Suddenly one of the guards called out in a deep voice, "Ya Stuvo" (Spanish word for enough). Blood was leaking from my face and spilling onto the floor.

But for Deputy Vasquez, that wasn't enough. At the single word that had been called out, all the other impacts ceased. The other guards immediately quit. But Vasquez continued to strike at my legs with the flashlight. He hit me three more times while the other guards watched. I heard the "clack" of the large metal flashlight coming down hard on my legs each time. Then it was over.

From the point I had been shot with the taser gun and fell to the ground. I was kicked for 15 to 20 seconds. Deputy Vasquez hit me with the flashlight 3 times while I was being kicked by the other guards and additional times when the other guards stopped. Two guards grabbed me from under my arms and dragged me back out into the hallway. There was blood everywhere. I lay on the floor in the hallway until a gurney showed up and the two hallway trustees lifted me onto it. They put me into an ambulance within minutes. At the emergency room, the x-rays showed my right fibula to be broken in two places. I am now in a wheelchair.

Dated: January 7th. 2010   _Jyh with_

signed

## Exhibit B

### To the Los Angeles County Claims adjuster (or Insurance representative)

After reading Exhibit A, it may be seen that my claim is that:

   a) On October 16th, 2009, six deputy sheriffs force-ably removed me from the safety of my cell, took me to a secluded spot, and intentionally and deliberately beat me for no reason

   b) inflicting on me a crippling "taser" shot, a leg broken in two places, and numerous painful and permanent scars

   c) while in protective custody at Central Jail in downtown Los Angeles.

I have not yet hired an attorney because it is my hope that this matter may be settled without need for litigation (and the payment by me of up to ½ of the award to an attorney) – but if there is no reasonable settlement I shall press forward with an attorney and seek all of the true damages.

I am willing to represent myself during settlement negotiations, but if a claims adjuster does not want to travel to Wasco to talk, I am willing to let my mother (Sandra Willis) at 760) 987-9433. or my father (John Willis) at 626) 833-3634, or my grandmother (Judith Willis who works for an attorney) at 626) 355-1284 handle the negotiations.

My claim is based on the following points of law:

   1) I was in protective custody and the use of a taser and a beating with an illegal flashlight (breaking my leg in two places) was unnecessary and contrary to the rules of Central jail.

   2) I cooperated with the deputies at all times until the pain of the taser and broken leg were too much to bear/

   3) I claim that the County is liable for 1) excess force; 2 violation of jail rules, failure to train; deliberate indifference; careless disregard; and violation of my civil rights under state and federal law.

I do not know the names of the six deputies (other than as set forth in Exhibit A), but since I was admitted to medical care, remained for weeks in the hospital ward of central jail, the records of the incident are available to you and to me, if I have to subpoena them.

I hope to hear from you in due course/

Dated: January 7th, 2010 _____

## CONSTITUTIONAL LAW

*Police officer uses excessive force by using Taser on man who posed no immediate threat and did not attempt to flee.*

Cite as 2009 DJDAR 17929

CARL BRYAN,
Plaintiff-Appellee,
v.
BRIAN MCPHERSON;
CORONADO POLICE DEPARTMENT;
CITY OF CORONADO,
a municipal corporation,
Defendants-Appellants.

No. 08-55622
D.C. No. 3:06-CV-01487- LAB-CAB
United States Court of Appeals
Ninth Circuit
Filed December 28, 2009

Appeal from the United States District Court
for the Southern District of California

Larry A. Burns, District Judge, Presiding

Argued and Submitted
October 9, 2009—Pasadena, California

Before: Harry Pregerson,
Stephen Reinhardt and
Kim McLane Wardlaw,
Circuit Judges.

Opinion by Judge Wardlaw

COUNSEL

Steven E. Boehmer, David Stotland, Carrie L. Mitchell of McDougal, Love, Eckis, Smith, Boehmer & Foley, El Cajon, California, for the appellant.

Eugene G. Iredale, Julia Yoo of Law Offices of Eugene G. Iredale, San Diego, California, for the appellee.

OPINION

WARDLAW, Circuit Judge:

Early one morning in the summer of 2005, Officer Brian McPherson deployed his taser against Carl Bryan during a traffic stop for a seatbelt infraction. Bryan filed this action under 42 U.S.C. § 1983, asserting excessive force in violation of the Fourth Amendment. Officer McPherson appeals the denial of his motion for summary judgment based on qualified immunity. We affirm the district court because, viewing the circumstances in the light most favorable to Bryan, Officer McPherson's use of the taser was unconstitutionally excessive and a violation of Bryan's clearly established rights.

I. FACTUAL AND PROCEDURAL
BACKGROUND

Carl Bryan's California Sunday was off to a bad start. The twenty-one year old, having stayed the night with his younger brother and some cousins in Camarillo, which is in Ventura County, planned to drive his brother back to his parents' home in Coronado, which is in San Diego County. However, Bryan's cousin's girlfriend had accidently taken Bryan's keys to Los Angeles the previous day. Wearing the t-shirt and boxer shorts in which he had slept, Bryan rose early, traveled east with his cousins to Los Angeles, picked up his keys and returned to Camarillo to get his car and brother. He then began driving south towards his parents' home. While traveling on the 405 highway, Bryan and his brother were stopped by a California Highway Patrolman who issued Bryan a speeding ticket. This upset him greatly. He began crying and moping, ultimately removing his t-shirt to wipe his face. Continuing south without further incident, the two finally crossed the Coronado Bridge at about seven-thirty in the morning.

At that point, an already bad morning for Bryan took a turn for the worse. Bryan was stopped at an intersection when Officer McPherson, who was stationed there to enforce seatbelt regulations, stepped in front of his car and signaled to Bryan that he was not to proceed. Bryan immediately realized that he had mistakenly failed to buckle his seatbelt after his earlier encounter with the police. Officer McPherson approached the passenger window and asked Bryan whether he knew why he had been stopped. Bryan, knowing full well why and becoming increasingly angry at himself, simply stared straight ahead. Officer McPherson requested that Bryan turn down his radio and pull over to the curb. Bryan complied with both requests, but as he pulled his car to the curb, angry with himself over the prospects of another citation, he hit his steering wheel and yelled expletives to himself. Having pulled his car over and placed it in park, Bryan stepped out of his car.

There is no dispute that Bryan was agitated, standing outside his car, yelling gibberish and hitting his thighs, clad only in his boxer shorts and tennis shoes. It is also undisputed that Bryan did not verbally threaten Officer McPherson and, according to Officer McPherson, was standing twenty to twenty-five feet away and not attempting to flee. Officer McPherson testified that he told Bryan to remain in the car, while Bryan testified that he did not hear Officer McPherson tell him to do so. The one material dispute concerns whether Bryan made any movement toward the officer. Officer McPherson testified that Bryan took "one step" toward him, but Bryan says he did not take any step, and the physical evidence indicates that Bryan was actually facing away from Officer McPherson. Without giving any warning,



**TERRY NAFISI**

District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**

411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**

3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Friday, October 15, 2010

**WILLIS, TYLER H. #G-34611**
**CALIPATRIA STATE PRISON**
**CAL P.O. BOX 5004**
**CALIPATRIA, CA  92233**

Dear Sir/Madam:

A Complaint for Civil Rights was filed today on your behalf and assigned civil case number CV10- 7390 SJO (DTB)

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge      **David T. Bristow**  _____

at the following address:

☐ U.S. District Court          ☐ Ronald Reagan Federal        ☒ U.S. District Court
312 N. Spring Street              Building and U.S. Courthouse      3470 Twelfth Street
Civil Section, Room G-8          411 West Fourth St., Suite 1053  Room 134
Los Angeles, CA  90012          Santa Ana, CA  92701-4516        Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Sincerely,

Clerk, U.S. District Court

By:    MMURRAY  _____

Deputy Clerk

CV-19 (04/01)                    **LETTER re FILING CIVIL RIGHTS COMPLAINT**