Sonia M. Mercado (SBN 117069)
**SONIA MERCADO & ASSOCIATES**
5711 West Slauson Ave., Suite 100
Culver City, CA 90230
Telephone: (310) 410-2981
Facsimile: (310) 410-2957
E-mail: soniamer2002@yahoo.com

Counsel for Tyler H. Willis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER H. WILLIS<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY D. VASQUEZ, MARK V. FARINO, PEDRO L. GUERRERO, JORGE F. SANCHEZ, ET., AL,<br><br>Defendants.<br>_____ | CASE NO. CV 10-07390 JAK (DTB)<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S EVIDENCE AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DEPUTY KENNEDY.**<br><br>[Filed Concurrently with Plaintiff's Opposition to Defendant Anthony Vasquez's Motion for Judgment on the Pleadings.<br><br>Assigned Hon. Judge John A. Kronstadt<br><br>Trial Date: None |

Plaintiff, Tyler Willis, hereby moves to strike the Declaration of Deputy Kennedy filed in support of Defendant Vasquez Motion for Judgment on the Pleadings.

1. **INTRODUCTION**

   A. **Trial Courts Have a Duty to First Rule on Evidentiary Objections Before Ruling on a Motion Based on the Evidence.**

   The first judicial function, prior to assessing the merits of a motion or adjudication, involves the initial ruling as to the admissibility of the particular

proffered evidence.  FRE, Rule 104, requires the initial assessment of the qualifications of a person to be a witness.

The reason for the rule that trial courts must first rule on these objections, is that a trial court cannot decide whether a motion should be denied or granted until it has first determined what admissible evidence is in play in deciding the motion.

A Motion for dismissal of the complaint is akin to a motion for summary judgment procedure, which is considered drastic remedy.  *Parmelee v Chicago Eye Shield Co.* 157 F.2d 582 (8th Cir.1946).

**C. Defendant's Burden Is to Come Forward With Competent Evidence to Proof That LASD Had Proper Grievance Procedures In Place.**

Deputy Adam P. Kennedy is "currently assigned to the Men's Central Jail Legal Unit of the LASD as Custodian of Record."  Any testimony from him is thus limited to that capacity.  He lacks personal knowledge about the documentary or testimonial evidence from prison officials who administer the review process and information provided to Plaintiff or inmates concerning the operation of the grievance procedure in this case as required by *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2006).

Plaintiff's objections to Deputy Kennedy's Declaration are based on the fact that the statements to be stricken are speculative and conjecture as he lacks personal knowledge, and submitted to raise an inference that "plaintiff failed to comply with available remedies."  His statements as such they are not relevant to deciding any issue upon which Defendant Vasquez moves for Judgment on the Pleadings, and paragraphs 3 and 4 of his declaration must be stricken.

FRE, Rule 401 states: ''Relevant evidence'' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

FRE, Rule 402 requires that all evidence which is not relevant, must be excluded. It is well established that proffered evidence is not relevant if it has a tendency to prove or disprove a disputed intermediate or ultimate fact of consequence to

-2-    **PLAINTIFF'S EVIDENTIARY OBJECTIONS & MOTION TO STRIKE**

determination of the action only by resort to inferences or deductions from the evidence that are speculative or conjecture in nature. *People v. Louie*, 158 Cal.App. 3d. Supp 28, 46 (1984).

## 2. STATEMENTS TO BE STRICKEN FROM DEP. KENNEDY'S DECLARATION ARE AS FOLLOWS:

**PARAGRAPH # 3:**

> *The Los Angeles County Jails, including Men's Central Jail, maintain an inmate complaint system whereby inmates can file complaints as to their conditions of confinement, including complaints against staff, medical and mental health services, and classification. Pursuant to LASD regulations, an inmate may submit a complaint or request for service relating to any condition of confinement by completing an Inmate Complaint Form. The inmate Complaint form must be filed within fifteen (15) days of the event giving rise to the complaint. The complaint is then investigated and determination made as to appropriate further action to take. A complaint may be submitted on behalf of an inmate by a third party. Additionally, a complaint may be made even though an inmate is no longer in custody. Lastly, an inmate may submit an appeal regarding the handling of his complaint within five (5) calendar days of receiving written disposition regarding his complaint.*

**OBJECTIONS:** Hearsay, lacks foundation, conjecture and speculation.

FRE, Rule 801, states, "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

FRE, Rule 602, states that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

1  FRE, Rule 401, states that ''Relevant evidence'' must tend to make the existence
2  of a fact that is of consequence to the determination of the action more probable than
3  not.  FRE, Rule 402, requires that all evidence which is not relevant, must be
4  excluded.
5  Deputy Kennedy is a "custodian of record."  As such he has no personal
6  knowledge of the grievance processes, nor does he have personal knowledge about
7  what other deputies did or did not do in this matter.  Nor does he have personal
8  knowledge about what Plaintiff did or did not do herein.  This statement lacks
9  foundation and personal knowledge and is rank hearsay based on conjecture and
10 speculation to create an inference that Plaintiff disobeyed orders of unknown
11 deputies.

**PARAGRAPH # 4:**

> *The procedure and system for inmate complaints was in place at all*
> *relevant times to this matter.  A true and correct copy of the procedures for*
> *inmates to make complaints is attached hereto as Exhibit "A."*

**OBJECTIONS:** Hearsay, lacks foundation, conjecture and speculation.

FRE, Rule 801, states, "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

FRE, Rule 602, states that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

FRE, Rule 401, states that ''Relevant evidence'' must tend to make the existence of a fact that is of consequence to the determination of the action more probable than not.  FRE, Rule 402, requires that all evidence which is not relevant, must be excluded.

Deputy Kennedy is a "custodian of record."  As such he has no personal knowledge of the grievance processes, what grievance procedures were in place

1  when Plaintiff was in custody, whether the attached policy was in effect when
2  Plaintiff was in custody, whether that policy was provided or made known to
3  Plaintiff.
4    This statement lacks foundation and personal knowledge and is rank hearsay
5  based on conjecture and speculation to create an inference that Plaintiff knew about
6  LASD grievance procedures that LASD posted information or made its procedures
7  known to inmates that Plaintiff received a complaint form when he asked for it, that
8  the forms were readily available to Plaintiff or all inmates.
9    Paragraphs 3 and 4 are rank hearsay and should be stricken.

10 Date: July 9, 2012              SONIA MERCADO & ASSOCIATES
11                                 /s/ Sonia M. Mercado
12                                 By: Sonia M. Mercado