Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Diane Martinez, State Bar No. 276499
E-Mail: dmartinez@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant DEPUTY ANTHONY D. VAZQUEZ, sued and served as DEPUTY SHERIFF VASQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Tyler H. Willis,<br><br>     Plaintiff,<br><br>  v.<br><br>Vasquez, et al.,<br><br>     Defendants. | CASE NO. CV10-7390 JAK (DTB)<br><br>**PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS IN RESPONSE TO JUNE 19, 2012 ORDER OF MAGISTRATE JUDGE; [PROPOSED] PROTECTIVE ORDER**<br><br>[Assigned to Judge John A. Kronstadt, Courtroom "750"<br><br>Trial Date:          None Set |

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate for entry of the following protective order:

1.  Plaintiff TYLER H. WILLIS moved to compel the production of the documents listed under numbers 1 through 5 of defendant COUNTY OF LOS ANGELES' (COLA) privilege log.

2.  Per the Court's June 19, 2012 Order, plaintiff's motion to compel the production of documents nos. 2 through 5 as identified in defendant's privilege log was granted.

3. Per the Court's June 19, 2012 Order, defendant's request for a protective order with respect to documents nos. 2 through 5 was granted.

4. COLA agrees to produce documents nos. 2 through 5 per the Court's June 19, 2012 Order, under the strict circumstances and limitations of this Stipulated Protective Order (hereinafter "Protective Order") where said documents and information are kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

5. Defendants will produce these documents and designate these documents as "Confidential" under the terms of this Protective Order. Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

6. Confidential material shall be used solely in connection with the preparation and trial of the present case, Case No. CV 10-7390-JAK (DTB), or any related appellate proceeding and not for any other purpose, including any other litigation.

7. Confidential material may not be disclosed except as provided in paragraph 8.

8. Confidential material may be disclosed only to the following persons:
    a. Counsel for any party, and any party to this litigation;
    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

      c.    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

      d.    Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

      e.    Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 8 is intended to prevent officials or employees of COLA or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

9.    Designation in conformity with this Protective Order requires: For information in documentary form, COLA shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

10.    Confidential material must be stored and maintained by plaintiff, or by counsel for plaintiff in the event that plaintiff retains counsel in this matter, at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

11.    Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

12.    In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status as pursuant to this Protective Order.

13.    At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order shall be destroyed or, if appropriate, returned to COLA and confirm such actions in writing to COLA.

/ / /

/ / /

14. Further, this Protective Order is entered solely for the purpose of producing documents nos. 2 through 5 as identified in defendant's privilege log pursuant to this Court's June 19, 2012 Order.

15. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

16. The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

17. The foregoing is without prejudice to the right of any party:

    a. To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

    b. To apply to the Court for an order removing the confidential material designation from any documents; and

    c. To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

///
///
///
///
///
///
///

18. This Protective Order may be executed in counterparts.

**IT IS SO STIPULATED:**

DATED: July 19, 2012          HURRELL CANTRALL LLP


By: /s/ Diane Martinez
THOMAS C. HURRELL
DIANE MARTINEZ
Attorneys for Defendant DEPUTY
ANTHONY D. VAZQUEZ, sued and
served as DEPUTY SHERIFF VASQUEZ

DATED: July 19, 2012          SONIA MERCADO & ASSOCIATES


By: /s/ Sonia Mercado
SONIA MERCADO
Attorneys for Plaintiff TYLER H. WILLIS

**APPROVED AND SO ORDERED:**

DATED: July 24, 2012

_____
MAGISTRATE JUDGE DAVID T. BRISTOW