Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
5711 W. Slauson Avenue, Suite 100
Culver City, California 90230
Telephone: 310.410.2981  Facsimile: 310.410.2957
soniamer2002@yahoo.com
samuelpaz@msn.com

Mark Pachowicz (SBN 138108)
**LAW OFFICES OF MARK PACHOWICZ**
**A Professional Corporation**
771 E. Daily Drive, Suite 230
Camarillo, CA 93010
805-987-4975
Mark@Pachowicz.com

Co-counsels for Plaintiff Tyler H. Willis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER H. WILLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY D. VASQUEZ, MARK V. FARINO, PEDRO L. GUERRERO, JORGE F. SANCHEZ, ET., AL,<br><br>  Defendants<br>_____ | CASE NO. 2:10-cv-07390 JAK (DTBx)<br><br>[Judge John A. Kronstadt]<br><br>**PLAINTIFF'S NOTICE OF PETITION AND PETITION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO JUDGMENT AND 42 U.S.C. § 1988; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CAROL SOBEL, BARRY LITT, SONIA M. MERCADO, MARK PACHOWICZ, R. SAMUEL PAZ AND KATHLEEN CROUCH IN SUPPORT OF AN AWARD OF REASONABLE ATTORNEYS' FEES; AND PROPOSED ORDER.**<br><br>Date:     April 21, 2014<br>Time:     8:30 a.m.<br>Courtroom:  760, Judge Kronstadt<br>255 E. Temple St., Los Angeles, 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **April 21, 2014, at 8:30 a.m.**, or as soon thereafter

as counsels may be heard before the Hon. John A. Kronstadt, located at the U.S. Central District of California, Courtroom 760, 255 E. Temple St., Los Angeles, 90012, Plaintiff Tyler Willis will petition this Court that his counsels be awarded reasonable attorneys' fees and costs incurred in obtaining a Special Verdict on October 11, 2014 (see Docket No. 425) against Defendants following a jury trial pursuant to 42 U.S.C. §1988 and a Stipulated Special Verdict that punitive damages be entered against certain defendants. The Judgment on Jury Verdict was entered on November 6, 2013 (see Docket No. 455).

Plaintiff petitions the Court find the attorney time expended by each attorney was reasonable; that the hourly fee rate of $770.00 for Sonia Mercado, $700.00 for Mark Pachowicz and $850.00 for R. Samuel Paz $850.00 are reasonable. Counsels request a fee award as follows: $574,734.00 for Sonia Mercado & Associates, $ 625,871.50 for the Law offices of Mark Pachowicz and $ 256,105.00 for R. Samuel Paz.

Sonia Mercado spent $57,853.93 on costs and Law Offices of Mark Pachowicz $22,348.72, and they respectively request an award of costs.

This motion is supported by this Notice, the attached Memorandum of Points and Authorities, the Judgment on Jury Verdict, the pleadings, records and files in the present action, by the Declarations of Carol Sobel, Barry Litt, Sonia M. Mercado, Mark Pachowicz, R. Samuel Paz, and Kathleen Crouch and upon such other oral and documentary evidence as may be presented at the time of the hearing of this motion.

This motion is made following the conference of counsel pursuant to L. R. 7-3 which took place between February 17 to 22, 2013, which was not able to resolve the issues of Plaintiff's attorneys' fees and costs.

Dated: February 24, 2014                **SONIA MERCADO & ASSOCIATES**

  
BY: /s/ Sonia Mercado  
Sonia Mercado, Co-counsel  
for Plaintiff Tyler Willis

**TABLE OF CONTENTS**

1.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
2.  SUMMARY OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . 2
    A.  Prosecution and Successful Resolution of this Case. . . . . . . . . . . . . . 2
    B.  Plaintiff's Settlement Efforts Were Rebuffed. . . . . . . . . . . . . . . . . . . 4
3.  PLAINTIFF'S COUNSELS MERIT FULL COMPENSATION. . . . . . . . . 6
    A.  Legal Basis for the Award of Reasonable Fees. . . . . . . . . . . . . . . . . . 6
    B.  Calculation of Lodestar. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        1.  Calculation of Hours Expended in the Litigation. . . . . . . . . . . . 6
        2.  Calculation of Prevailing Market Hourly Billing Rates.. . . . . . . 8
        3.  Counsel's Qualifications and Experience. . . . . . . . . . . . . . . . . . 9
        4.  Expert Evidence of the Prevailing Market Rates. . . . . . . . . . . 10
    C.  Costs are Compensable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
4.  CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES:**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    369 F. 3d 91(2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal* 556 U.S. 662 (2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Blum v. Stenson*, 465 U.S. 886 (1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . 11

*Burlington v. Dague,* 505 U.S. 557 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chalmers v. City of Los Angeles,* 796 F.2d 1205 (9th Cir. 1985). . . . . . . . . . 7

*City of Riverside v. Rivera*, 477 U.S. 561 (1986).. . . . . . . . . . . . . . . . . . . . . 6

*Davis v. City and County of San Francisco,*
    976 F.2d 1536 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Farbotko v. Clinton City.,* 433 F.3d 204 (2d Cir. 2005).. . . . . . . . . . . . . . 8, 9

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . 12

*Hensley v. Eckerhart*, 461 U.S. 424 (1983).. . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Jordan v. Multnomah County,* 815 F.2d 1258 (9th Cir. 1987). . . . . . . . . . . . 8

*Sablan v. Department of Fin. of N. Mariana Islands,*
    856 F.2d 1317 (9th Cir. 1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United Steelworkers of Am. v. Phelps Dodge. Corp.*,
    896 F.2d 403 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Webb v. Sloan,* 330 F.3d 1158 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . 7, 8

*Williams v. Alioto,* 625 F.2d 845 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . 7

**STATUTES:**

42 U.S.C. § 1988. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1988 c. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fed. R. Civ. Proc. 54(d)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Fed. R. Civ. Proc. 12 (b)(6)*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION.**

This case was tenaciously litigated by the defense, in some instances litigating issues which they subsequently withdrew. To put this request for fees in perspective, Plaintiff made over seven efforts to settle this case; of note prior to hiring attorneys Plaintiff made two offers and on February 2013, Ms. Mercado offered to a $200,000 settlement and to take no attorney fee. (See Section 2 B below for further details.) All settlement offers were rebuffed - even when admonished by the Court to attempt to reach a settlement. (Decl. Mercado ¶s 12.)

This was a case of important public interest in which Plaintiff obtained a favorable special verdict that Sheriff Baca and the senior jail supervisor at Los Angeles Men's Central Jail (MCJ) Captain Cruz's conduct was a cause in contributing to the unconstitutional conduct of their subordinate deputies and to Plaintiff's injuries and that the County and LASD had a widespread custom of engaging in a pattern of unconstitutional conduct of excessive force which was a moving force of the harm to Plaintiff. Plaintiff was awarded $125,000 in non-economic damages and defendants stipulated to a Special Verdict of $160,000 in punitive damages with Sheriff Baca stipulating to $100,000. (Docket 443).

Plaintiff's counsels submit that they are entitled to an award of reasonable attorneys' fees and costs pursuant to the Judgment herein and 42 U.S.C. § 1988. There is no issue that the Plaintiff is the prevailing party and his counsels are entitled to reasonable attorneys' fees and costs. The only issues in this Petition are: 1) the reasonable hours expended in litigation; 2) the prevailing hourly market rate in the community as to each counsel; and 3) the amount of out of pocket costs advanced by the Plaintiff's counsels.

Plaintiff's counsels present evidence that their number of hours and hourly rate are reasonable and within community standards for similarly situated attorneys in Los Angeles and in compliance with *42 U.S.C. § 1988* and *Fed. R. Civ. Proc. 54(d)*. The number of hours expended by each counsel was necessary given the tenacious

litigation tactics employed by the defense, the complexity and difficulty of the litigation required to succeed in obtaining a substantial favorable outcome.

## 2. SUMMARY OF PROCEDURAL HISTORY.

### A. Prosecution and Successful Resolution of this Case.

Plaintiff's counsel Sonia Mercado began working on this matter on July 2, 2012, when Mr. Willis, in pro per, retained her because he did not know how to oppose a motion to dismiss alleging he had failed to comply with the Prison Reform Litigation Act (PRLA), due 7 days later on July 9th. Mr. Willis also felt that the defense had obstructed his discovery efforts, and to that date, he had been unable to find counsel to represent him. (Decl. Mercado ¶ 4.) At the time, Mr. Willis was homeless and lacked any means to hire an attorney. Had Ms. Mercado not undertaken his representation, he would likely not have vindicated the brutal and malicious beating he suffered at MCJ.

Demonstrative of a frequently contrarious defense, overcoming the PRLA should have been a short process had the defense been forthright about the facts. But, due to defendant's misstatements of facts, Plaintiff's counsels was required to drop everything in order to come up to speed on the limited available facts, research the issue of fact and law, as defense counsel refused even a simple courtesy continuance. Plaintiff was forced to do factual and legal research on very short notice to overcome the misstatements of facts in the PRLA motion (filed May 3, 2012, Docket 100) which effected an order for further briefing (see docket 136)[1], caused a lengthy 6-month process (see Docket 100 to Docket 154), consuming not just substantial Plaintiff's counsels' time, but equally absorbing judicial time and effort before Plaintiff finally prevailed (see orders Docket 151 and 154). (Decl. Mercado ¶6, 8.)

Mr. Paz equally shifted retirement plans to assist on the opposition to the

---

[1] The defense alleged that Plaintiff had filed "an appeal," Plaintiff responded this was untrue and despite further briefing so the defense could submit this evidence, no such appeal existed and none was produced. (Docket 136 and 151 Report and Recommendation.)

motion to dismiss based upon the PRLA, supervisor liability and *Monell* custom and practice factual and legal issues through trial. (Decl. Paz ¶s 2-6.) Moving forward, Plaintiff's counsels opined that to avoid further defense motions to dismiss, the Fourth Amended Complaint (FAC) they were preparing had to include substantial "evidence" supporting the allegations of supervisor liability, particularly as to Sheriff Baca and Capt. Cruz, and the *Monell* claim. (Decl. Mercado ¶7.)

Plaintiff sought damages for the October 6, 2009, beating by three deputies causing him blunt force trauma and broken bones. Plaintiff alleged that these defendants' conduct in using excessive force was in conjunction with the supervisors turning a blind eye to a pervasive and ongoing custom of constitutional violations and dereliction of duties by deputies.

Particularly, Plaintiff's counsels opined that in order to obtain meaningful changes in the manner of supervision of the jail, it was important to hold high level supervisors personally accountable for the rampant jail violence in MCJ - in particular Sheriff Baca and the jail Captain Cruz. In preparing the Fourth Amended Complaint (FAC) counsels were particularly cognizant that in naming Sheriff Baca and the Captain Cruz in their individual capacities as supervisors in the claim for "Failure to Train, Supervise, Causing Constitutional Violation," it was critical to gather and include substantial evidence and factual data in the FAC to avoid defense *Fed. R. Civ. Proc. 12 (b)(6)* motions to dismiss the supervisors pursuant to *Ashcroft v. Iqbal* 556 U.S. 662 (2009), which could cause delays in prosecuting this case. (See FAC, Docket 165.)

During the discovery process Mr. Paz and Ms. Mercado focused their research on the supervisor liability and *Monell* claims to prove a custom of ongoing unconstitutional conduct of Capt. Cruz and Sheriff Baca regarding jail deputy violence which was the moving force of Willis's injuries.

On March 21, 2013, Ms. Mercado associated Mark Pachowicz in the case to work on deposition and trial. Mr. Pachowicz has extensive trial experience as a criminal prosecutor and in trial preparation and was particularly valuable in

-3-

developing in depositions the contradictions in the individual deputies' testimony of why their brutality was unjustified and how the incident should be have been investigated.

To avoid duplication of tasks and to more efficiently prosecute this case, counsels agreed to focus on separate legal activities as much as possible. While Mr. Paz worked extensively on his expertise in the legal theories of liability, individual supervisor liability, claims of *Monell* entity liability, the admissibility of public records, bifurcation issues final pretrial preparation and opposing motions for new trial (Decl. Paz ¶ 3); Mr. Pachowicz focused primarily on depositions, trial presentation and developing individual liability of the deputy defendants and Ms. Mercado focused and re-focused on discovery plan, evidence development, motion matters, client and expert witnesses interaction and preparation, and was co-lead counsel during depositions, at trial arguing many of the substantive motions, jury instruction, the standard applicable to the use of force, bifurcation, the admissibility of pertinent portions of public county reports and this motion for attorney's fees. (Decl. Mercado ¶ 11.)

Since early efforts at settlement failed (see below), Plaintiff's counsels proceeded to obtain documentary evidence, through either formal discovery or through Plaintiff's counsels' substantial personal research (as demonstrated by Mr. Paz and Ms. Mercado's billing statement). This was critical evidence of the supervisor liability and the *Monell* claims to overcome anticipated extra work on motions for summary judgment while concurrently efficiently preparing trial evidence regarding supervisors, and their failure to supervise subordinates.

**B.     Plaintiff's Settlement Efforts Were Rebuffed.**

From the date the government claim was filed to the Pretrial Conference date (3.7 years), Defendants rebuffed all of Plaintiff's settlement efforts:

- <u>2-2-2010</u>: Mr. Willis filed a Government Claim stating "I have not yet hired an attorney because it is my hope that his matter may be settled without need for litigation..." (COLA 0006 was produced by Defendants in discovery);

-4-

- 6-12-2012: to avoid hiring counsel, Mr. Willis offered to settle for $200,000 to Ms. Martinez - he received no response;
- 8-8-2012: Ms. Mercado extended a settlement demand but received no response;
- 11-26-2012:, at the trial scheduling conference, defense counsel represented to the Court that defendants were agreeable to scheduling a prompt mediation, after the Court so ordered, defendants then refused to participate and cancelled it;
- 1-7-2013: Ms. Mercado made an offer of settlement per the Court's order - defendants cancelled the mediation conference;
- 2-22-13: Ms. Mercado offered to settle for $200,000 agreeing to forego all attorney fees - the offer was ignored;
- 5-15-13: Plaintiff made a 6th demand - on 5-22-13 defendants attended a settlement conference and stated they wanted to do more discovery;
- 9-9-2013: at the Pretrial Conference the Court admonished the parties to discuss settlement, offering to assist them, and again defendants refused to discuss settlement. (Decl. Mercado ¶12.)

Defendants moved forward filing evidentiary motions and aggressively attempting to curtail Plaintiff's evidence at trial. Of note, Sheriff Baca did not appear at trial - still, due to the substantial evidentiary work Plaintiff had done on the facts of his personal liability, Plaintiff presented the jury unchallenged evidence against Sheriff Baca.

Lastly, prior to filing this motion, Plaintiff's counsels made an effort to resolve the fee and costs issues, of no surprise, it was declined. Having pushed the plaintiff to expend so much time and costs, Defendants cannot now complain about the hours consumed by Plaintiff's counsels in responding to their tactics.

In *City of Riverside v. Rivera*, 477 U.S. 561, 581 fn. 11 (1986) in affirming *§ 1988* fees of $245,456.25 awarded to the prevailing plaintiffs in an excessive force police misconduct action the court addressed the City's argument that the fees were

too high when compared to the verdict of $33,350 in compensatory and punitive damages (*id.*, at 564-565) as follows:

> Thus, [the City] could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner. While petitioners did offer respondents $25,000 in settlement at the time the jury was deliberating the case, this offer was made, as the District Court noted, "well after [respondents' counsel] had spent thousands of dollars on preparation for trial...(citation omitted)." "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."

Defendants intentionally ignored all resolution efforts and necessarily caused Plaintiff a mountain of work, some of which was unnecessary and as in *City of Riverside*, they should not now be "heard to complain about the time necessarily spent by the Plaintiff in response."

### 3. PLAINTIFF'S COUNSELS MERIT FULL COMPENSATION.

#### A. Legal Basis for the Award of Reasonable Fees.

Plaintiff's counsels should be reasonably compensated as the prevailing party is entitled to an award of reasonable attorneys' fee and costs per the Judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

To assist the court in the determination of the reasonableness of the fees requested, Plaintiff submits the Declarations of Carol Sobel, Barry Litt, the declaration of each attorney and their billing statement (Exhibits 14, 15 and 16.) Although Mr. Paz worked and billed through Ms. Mercado's office, his billing statement is printed separately to simplify review (Exhibit 14).

#### B. Calculation of Lodestar.

##### 1. Calculation of Hours Expended in the Litigation.

The "most useful starting point for determining the amount of the reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* at 433. There is a "*strong presumption"* that this lodestar amount constitutes a reasonable fee. *Burlington v. Dague,* 505 U.S. 557,

562 (1992). In support of a determination of the reasonable hours expended, Plaintiff's counsels submit sufficient documentation to support the amount of work done. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1985). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.)." *Id.* Hours eligible for attorneys' fees are those reasonably spent on the litigation and not considered excessive, duplicative, or inadequately documented. *Hensley*, at 432-34.

Contemporaneous time records may be submitted to document the number of hours expended on the litigation. *Chalmers*, at 1210. Moreover, the Ninth Circuit has clearly established that an award of attorneys' fees may be based on the affidavits of counsel, so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in settling the fees." *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir. 1980) (per curiam); *see also Sablan v. Department of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1322 (9th Cir. 1988) (finding affidavit of counsel "sufficiently detailed to provide an adequate basis for calculating the award").

Where a plaintiff asserts "numerous legal theories against several defendants," the claims are sufficiently related where "all his claims arose out of a common core of facts and a common course of conduct: Plaintiff's arrest, detention, and prosecution." *Webb v. Sloan,* 330 F.3d 1158, 1169 (9th Cir. 2003). The court noted that "[o]ften, related claims involve both a common core of facts and related legal theories. [citation.] However...we have not required commonality of both facts and law before concluding that unsuccessful and successful claims are related." *Id.* at 1168. Indeed, to be severable, the claims must be "*entirely* distinct and separate." *Id.* at 1169 (emphasis added). Here, all of Plaintiff's claims were interrelated, based on the same incident– the gratuitous beating of Plaintiff by three deputies, the failure of supervisors to report the beating as part of the widespread custom of excessive force– tacitly approved or intentionally ignored and a failure to supervise by Sheriff

-7-

Baca, Captain Cruz and management staff.  See *Webb,* 330 F.3d at 1169.

The time of each attorney spent on Plaintiff's case was reasonable.  The three attorneys gave deliberate consideration to ensuring that they were efficient and did not duplicate tasks (each generally focused on a particular aspect of the litigation), unless necessary to ensure factual and legal integrity of the case.  Of note, the attorneys did not bill for many general attorney activities performed during the litigation, such as all phone calls and e-mails with the client, co-counsels and defense counsels.  Decl. Mercado Exh. ¶31 and Decl. Paz, ¶s 5, 22 & 23 (e.g., although 521 e-mails, the majority with attachments, were sent to Mr. Paz, he did not bill for them).  Each attorney presents a detailed billing statement which documents the tasks performed by date and description.  See Billing Statements of Mercado Exh. 16 which details each task performed and Mr. Paz, Exh. 14.  Ms. Mercado billed a total of 700.8 hours and her paralegal billed 56.8 hours, Mr. Pachowicz and his staff billed 1463.50.  The time spent was reasonable and necessary to obtain a favorable verdict.

### 2. **Calculation of Prevailing Market Hourly Billing Rates.**

Generally, a reasonable rate for *Section 1988* is guided by the prevailing rate charged by the lawyers of comparable experience, skill and reputation in the relevant community.  *Jordan v.Multnomah County,* 815 F.2d 1258, 1262-63 (9th Cir. 1987).

The prevailing market rate should be used as the touchstone for the "reasonable rate" determination, even if the rate charged to a plaintiff was less than that amount.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (determining that the statute and legislative history of Section 1988 establishes that fee awards "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel").

In calculating the "prevailing market rate" the court must conduct "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton City.,* 433 F.3d 204, 209 (2d Cir. 2005).  Rates awarded to civil rights counsel ordinarily should be on par with market rates for private attorneys engaged in other complex federal litigation.

*Farbotko*, at 211 fn. 12, citing the Congressional Record S. Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), reprinted 1976 U.S.C.C.A.N., 5908, 5913.

### 3. Counsel's Qualifications and Experience.

Mr. Paz's qualifications, experience and expertise were critical in this case. (Decl. Paz ¶s 2 to 6.) His 39 years specializing in complex constitutional rights, police misconduct and jail cases have earned him a steller reputation as a civil rights trial attorney. (Decl. Paz ¶s 7 to 19.) He has taught Civil Rights for years (Decl. Paz ¶ 7-8) has authored over 35 legal articles and presented over 30 legal seminars (Decl. Paz ¶ 12), obtained numerous published opinions and successfully represented hundreds of clients in civil rights cases obtaining meaningful policy changes, substantial jury verdicts and settlements. (Decl. Paz ¶s 13 to 16.)

Ms. Mercado has been practicing since 1984 and specializing since 1994 on issues of inmates' human and civil rights (Decl. Mercado ¶s 17; she frequently presents at CLE lectures (Decl. Mercado ¶s 26); has obtained published opinions on issues of reasonable security and medical care in jails (Decl. Mercado ¶ 28); and is the recipient of numerous professional awards and recognitions (¶ 22). She has successfully represented clients in civil rights cases throughout the State of California which have resulted in positive policy changes, a consent decree and substantial financial awards to clients. (Decl. Mercado ¶s 24 and 28.)

Mr. Pachowicz brought to this case unquestionable trial skills developed since 1988 in over 50 jury trials (Decl. Pachowicz); he focused his task to being lead trial lawyer, conducting depositions and discovery toward that end. (Decl. Pachowicz.) He has successfully dedicated his professional career to public service, previously as a prosecutor and subsequently one of the few Ventura lawyers who take civil rights cases (Decl. Pachowicz); he taught law school and was award trial lawyer of the year in 2011 (Decl. Pachowicz ¶ 13).

Mr. Pachowicz' firm bills his paralegal at $200 and his associate at $350. (Decl. Pachowicz ¶s 21-25). Ms. Mercado similarly bills her paralegal at $200 per hour in similar six minute increments.

### 4. Expert Evidence of the Prevailing Market Rates.

Ms. Carol A. Sobel is uniquely competent to provide this Court evidence of the reasonable market rates charged by counsels in this case. She has qualified as an expert in ethics and the practices of public interest legal groups; as a Senior Staff Counsel for the ACLU, she established reasonable market rates for its attorneys and annually gathered and continues to gather such information from partners, private law firms and public foundations (Decl. Sobel ¶s 4 - 5). She has presented CLE courses on attorney fees and has been cited favorably by numerous courts (Decl. Sobel ¶ 6).

Ms. Sobel has known Mr. Paz for 35 years, has consulted with him on litigation strategies, has observed him in trial, and has formed the opinion that he is "highly skilled and competent." (Decl. Sobel ¶ 11.) She has known Ms. Mercado 20 years, has consulted her various occasions and participated in CLE programs with her, and opines that Ms. Mercado is a highly skilled and experienced attorney. (Decl. Sobel ¶s 11 - 12.) Based on Ms. Sobel's meeting and impressions of Mr. Pachowicz and his resumé she has formed the opinion that he is highly skilled and experienced. (Decl. Sobel ¶ 13.)

Mr. Barrett S. Litt similarly is a very prominent Los Angeles civil rights litigator who is considered an expert in attorney fee issues arising from public interest litigation whose declarations have been accepted by many courts. (See Declaration of Mr. Litt Exhibit ¶s 2-10 & 13, and Resumé of Mr. Litt attached as Exhibit A to his declaration, as well as the exhibits thereto. Mr. Litt's expert testimony has been found to be "credible and reliable" (Decl. Litt ¶ 8, 9) and has a wide exposure to attorney fee awards fees at a number of major firms in Los Angeles doing complex civil litigation. (Decl. Litt ¶ 15.)

He has known Mr. Paz and Ms. Mercado for many years and is familiar with their work and their reputation for handling police and jail related cases and has reviewed civil rights decisions resulting from their efforts. He finds that Mr. Paz (Decl. Litt ¶ 27a.) and Ms. Mercado (Decl. Litt ¶ 27b.) are considered among the

-10-

leading police and jail practitioners in California for their outstanding reputations. (See also Decl. Litt ¶ 28 "There are few private counsel in the Los Angeles area comparable to Mr. Paz and Ms. Mercado that specialize in the complex issues of establishing the liability of supervisors and public entities for the express purpose of bring those accountable.)

Mr. Litt presents evidence (Decl. Litt ¶s 18 - 25) that supports his opinions that many attorneys of lesser experience than Mr. Paz have received comparable or higher awards, and many of lesser experience charge higher rates. (Decl. Litt ¶ 27a.) Mr. Litt addresses each rate sought with documentation of firm-years in practice of market rates comparable with the qualifications that Mr. Paz submits in his declaration setting forth his accomplishments and experience in civil rights during the last 39 years.

Using the similar evidence charts, Mr. Litt presents evidence and opines that many attorneys of lesser experience than Ms. Mercado who has practiced 30 years with similar experience in complex federal court matters have received comparable or higher awards, and many of lesser experience charge higher rates. (Decl. Litt ¶ 27b.)

Based on Ms. Sobel and Mr. Litt's Declarations in support of Mr. Pachowicz, as well as those of Paz, Mercado and Pachowicz, the prevailing hourly market rate for Mr. Paz of $850.00, Ms. Mercado of $770.00 and for Mr. Pachowicz of $700.00 is reasonable and is at or below the prevailing market hourly rates for similarly situated attorneys of similar skill, competency, level of complex litigation and years in practice.

The evidence submitted also verifies that the paralegal rate of $200.00 is reasonable (Decl. Sobel ¶ 24; Decl. Mercado ¶ 14). The Court can rely upon the expert declarations as well as those of Plaintiff's counsels. *Bouman v Block*, 940 F.2d 1211, 1235 (9th Cir. 1991).

-11-

**Breakdown of Attorneys' fees sought by Plaintiff's counsels.**

| Attorney | Total Hours | Hourly Rate Requested | Total Fees |
|---|---|---|---|
| Sonia Mercado | 700.8 | $770 | $545,890 |
| Mark Pachowicz | 637.5 | $700 | $446,250.00 |
| R. Samuel Paz | 301.3 | $850 | $256,105.00 |
| Kathleen Crouch | 186.2 | $350 | 65,170.00 |
| Paralegal | 56.8 | $200 | $11,360.00 |
| Paralegal | 443.6 | $200 | $88,660.00 |

**C.   Costs are Compensable.**

Pursuant to § 1983, prevailing parties "may recover as part of the award of attorneys' fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation omitted). "Reasonable expenses, though greater than taxable costs, may be proper." *Id.* at 20. *See also United Steelworkers of Am. v. Phelps Dodge. Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[o]ut-of-pocket litigation expenses are reimbursable as part of the attorneys' fees [under Section 1988], distinct from the costs already awarded to plaintiffs under 28 U.S.C. §1920").

Such costs, including travel and courier expenses, are allowed as part of the fee. *Davis v. City and County of San Francisco,* 976 F.2d 1536, 1556 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

The costs sought herein consist of the types of charges typically levied by plaintiff's counsel on its clients, and were incurred, compiled and recorded throughout the case by plaintiff's counsels in the same manner as is done for all matters. As with the attorney hours reasonably expended in the litigation, counsels for Plaintiff have exercised billing judgment to eliminate the possibility of any charges that would be even arguably questionable.

The first category of costs and expenses reflects Plaintiff's out-of-pocket outlay throughout the course of pursuing this litigation. These include the costs of filing and prosecuting the case, service, mandatory courtesy copies delivered to the court, deposition fees for court reporter and videographer. They also include the costs of traveling and parking, and meals for deputies and Mr. Willis during trial. The trial court has the authority to grant expert witness fees pursuant to 42 U.S.C. § 1988 c.

Of note, although computerized research is fully compensated (*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F. 3d 91, 98 (2d Cir. 2004)), Plaintiff's counsels have not billed for those costs nor for regularly incurred costs such as phone, fax, mail, or office copying. The costs reflect plaintiff's counsel's out-of-pocket outlay throughout the course of pursuing this litigation since July 2012. As with the attorney hours reasonably expended in the litigation, counsels for Plaintiff exercised billing judgment to eliminate the possibility of any charges that would be even arguably questionable.

Ms. Mercado has paid $57,853.93 for costs incurred up to 1/22/2014, as reflected in Exhibit 16; and Mr. Pachowicz paid costs in the amount of $22,348.72, as reflected in Exhibit A of Mr. Pachowicz's declaration.

**4. CONCLUSION.**

Plaintiff acted in good faith when making several efforts to settle this case to avoid incurring attorney fees and costs: Plaintiff offered to settle the case to avoid hiring counsel; after hiring counsel, Ms. Mercado offered to waive her attorney fees and to settle this case for $200,000, and although numerous other settlement efforts were made by Plaintiff throughout the litigation, Defendants ignored all resolution efforts, forcing the attorneys to incur fees and costs.

Counsels for Plaintiff respectfully request this Court issue an order as follows: a finding that each attorney's hourly fee rate ($770.00 for Sonia Mercado, $700.00 for Mark Pachowicz and $850.00 for R. Samuel Paz) is reasonable.

     Ms. Mercado requests an award of fees in the total amount of $574,734.00; Mr. Pachowicz requests a fee award of $622,101.50; and that R. Samuel Paz requests a fee award of $256,105.00.

     Plaintiff's counsel Sonia Mercado also requests costs in the amount of $57,853.93, and the Law Offices of Mark Pachowicz requests costs of $22,348.72.

Dated: February 24, 2014         **SONIA MERCADO & ASSOCIATES**

                                      BY: /s/ Sonia Mercado
                                      Sonia Mercado, Co-counsel
                                      for Plaintiff Tyler Willis